**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

ZELAYA RUTILIO FRANCO,

Petitioner,

v.

Case No. 1:26-cv-03302-MIS-KRS

WARDEN, in his official capacity as Warden of Cibola County Correctional Center MARKWAYNE MULLIN, in his official capacity as Secretary, U.S. Department of Homeland Security; DAVID J. VENTURELLA, in his official capacity as Acting Director, U.S. Immigration and Customs Enforcement; MARY DE ANDA-YBARRA, in her official capacity as Field Office Director, El Paso Field Office, Enforcement and Removal Operations, U.S. Immigration and Customs Enforcement; and TODD BLANCHE, in his official capacity as Attorney General of the United States,

Respondents.

**ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241**

**THIS MATTER** is before the Court on Petitioner Zelaya Rutilio Franco's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Petition"), ECF No. 1, filed October 2, 2026. The federal Respondents filed a Response on October 15, 2026 ("Response").[1] ECF No. 6. Upon review of the Parties' submissions, the record, and the relevant law, the Court will **DENY** the Petition.

[1] The Clerk's Office served all Respondents with the Petition pursuant to this District's Standing Order Regarding Service of Process in Immigration Habeas Petitions filed Pursuant to 28 U.S.C. § 2241, Case 1:26-mc-00004, ECF No. 3 (D.N.M. Jan. 28, 2026). ECF No. 3. However, as has become customary in these cases, the Warden did not respond to the Petition.

## I. Background

Petitioner is a citizen of Honduras who entered the United States in 2013 without inspection near McAllen, Texas. See Pet. ¶ 13; Form I-831 at 3, ECF No. 6-1. Petitioner resided in Loudon County, Virginia, with his partner and 4-year-old daughter. Pet. at Ex. A; Form I-831 at 4. On July 22, 2026, United States Immigration and Customs Enforcement ("ICE") officers attempted to stop a vehicle registered to Petitioner that they had reason to believe contained an immigrant for whom they were conducting enforcement operations. Form I-831 at 2. However, as ICE officers initiated emergency lights, the vehicle attempted to evade officers, and Petitioner fled the vehicle when it arrived at a dead end. Id. at 2-3. The vehicle had not been put into park and made contact with a home. Id. at 3. Petitioner was not apprehended at that time. Id.

As a result of the events of July 22, 2026, Petitioner had a July 24, 2026, court hearing, where he was charged in Loudon County, Virginia, with "Felony: Hit & Run and Attended: Fail to Stop." Id. at 4. ICE detained Petitioner after the hearing and provided him with a Notice to Appear for removal proceedings. Id. Petitioner was charged as being an Alien Present without Admission or Parole and being an Immigrant without an Immigrant Visa in violation Sections 212(a)(6)(A)(i) and 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act ("INA"). Id. He has remained in immigration custody since and is currently detained at the Cibola County Correctional Center in Milan, New Mexico. Pet. ¶ 3.

On August 19, 2026, an Immigration Judge held a bond hearing and denied bond, finding Petitioner a "flight risk" and stating, "Manner of Entry, speculative form of relief, several violations of law, pending felony charges – showing disregard for the laws of the United States." Order of Immigr. Judge I, ECF No. 6-2. On September 30, 2026, an Immigration Judge ordered Petitioner Removed to Honduras. Order of Immigr. Judge II, ECF No. 6-3. Petitioner appealed the

Removal Order on September 30, 2026. Executive Office for Immigration Review ("EOIR") Automated Case Information, ECF No. 6-4. According to Petitioner, he had filed an application for asylum, though the Removal Order does not mention the application. Pet. ¶ 14; Order of Immigr. Judge II, ECF No. 6-3.

On October 2, 2026, the Court issued an Order to Show Cause and Enjoining Transfer which instructed Respondents to "specify whether the Court has already ruled on the legal issue(s) in this case and whether the holding in Santillan Quiroz v. Mullin, 180 F.4th 1226 (10th Cir. 2026) requires relief." ECF No. 4.

## II. Legal Standard

Federal courts possess authority to review the legality of executive detention through the writ of habeas corpus. Title 28, United States Code, section 2241 expressly authorizes courts to issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The Tenth Circuit has recognized that "[c]hallenges to immigration detention are properly brought directly through habeas." Soberanes v. Comfort, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing Zadvydas v. Davis, 533 U.S. 678, 687-88 (2001)). "The fundamental purpose of a § 2241 habeas proceeding is to allow a person in custody to attack the legality of that custody, and the traditional function of the writ is to secure release from illegal custody." Palma-Salazar v. Davis, 677 F.3d 1031, 1035 (10th Cir. 2012) (quotation marks omitted) (quoting McIntosh v. U.S. Parole Comm'n, 115 F.3d 809, 811 (10th Cir. 1997)).

## III. Discussion

Petitioner appears to argue that his detention violates his Fifth Amendment due process rights in that 8 U.S.C. § 1226(a) "permits release on bond or conditional parole while removal

proceedings are pending." Pet. ¶ 25. He states further that he "requests an individualized custody determination if he is legally eligible for such a hearing." Id. ¶ 29. Petitioner also references his medical condition as an "important humanitarian circumstance" the Court should consider[2] and access to counsel regarding his asylum claim as a reason why continued detention is not warranted. Id. ¶¶ 35-46. He requests immediate release. Id. ¶ 47. Respondents argue that the Court should deny the Petition because 8 U.S.C. § 1226(e) bars the Court from reviewing the Attorney General's "'discretionary judgment regarding the application of this section'" and states that "'[n]o court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole.'" Resp. at 2 (quoting 8 U.S.C. § 1226(e)). They assert that because Petitioner has been provided a bond hearing, his detention during removal proceedings is constitutional. Id. at 2-3. Finally, Respondents assert that neither Petitioner's medical condition nor his asserted need to communicate with his attorney provide a basis for habeas relief. Id. at 4.

While the Court does not have jurisdiction to review discretionary bond decisions under § 1226(e), the Court has jurisdiction to review constitutional challenges to bond decisions, Dong v. Mullin, No. 1:26-CV-01818-MIS-LF, 2026 WL 1959357, at *1 (D.N.M. July 7, 2026); Grant-Davis v. Anda-Ybarra, No. 2:26-CV-00054-MIS-LF, 2026 WL 823095, at *3 (D.N.M. Mar. 23, 2026). The fundamental requirement of due process is the opportunity to be heard "at a meaningful time and in a meaningful manner." Mathews v. Eldridge, 424 U.S. 319, 333, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976). To comport with due process—that is, to be meaningful—a noncitizen's bond

[2] Petitioner does not allege he has not received adequate medical care and further acknowledges that he "does not claim that his medical condition alone automatically entitles him to relief." Pet. ¶¶ 35-40.

determination must be an individualized determination based on the actual circumstances of the noncitizen. See Dong, 2026 WL 1959357, at *1.

Here, the Immigration Judge's decision is sparse. The Court notes that at the outset of the Immigration Judge's Order are two conclusory reasons – "[m]anner of [e]ntry" and "speculative form of relief" – that courts have repeatedly found to be constitutionally inadequate when unaccompanied by reference to specific facts related to an individual. Duong v. Mullin, No. 2:26-CV-03009-MIS-JFR, __F. Supp. 3d __, 2026 WL 3030939, at *2 (D.N.M. Oct. 9, 2026) (collecting cases). These are mere determinations devoid of any analysis of the facts specific to Petitioner.

However, the Immigration Judge offers a third reason – Petitioner's recent criminal charges, related to his flight from immigration officers. Although the Immigration Judge does not draw a clear line between the particular facts underlying those charges and the custody determination, and could have more thoroughly explained the findings, the determination that Petitioner is a flight risk is at least minimally supported by Petitioner's recent charges – which provide facts that Petitioner has allegedly engaged in conduct that could be construed as "flight." Petitioner did not reply to Respondents' argument or otherwise argue that his custody redetermination hearing was constitutionally (or otherwise) inadequate and, in fact, does not even reference his August 19 bond hearing in his Petition.

Thus, the Court finds Petitioner received a constitutionally adequate bond hearing, which is all the process he is due under the Immigration and Nationality Act and Santillan Quiroz, 180 F.4th at 1237 ("[N]oncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond)".) The Immigration Judge's discretionary flight risk determination is not subject to judicial review. 8

U.S.C. § 1226(e) ("The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole."); see also Mwangi v. Terry, 465 F. App'x 784, 786-87 (10th Cir. 2012); Acurero v. Castro, Case No. 2:26-cv-00565-MIS-JFR, 2026 WL 1180219, at *3 (D.N.M. Apr. 30, 2026); Singh v. Blanche, Case No. CIV-26-311-D, 2026 WL 915596, at *9 (W.D. Okla. Apr. 3, 2026), report and recommendation adopted, 2026 WL 1010480 (W.D. Okla. Apr. 14, 2026); Chen v. Dorneker, Case No. 21-3230-JWL, 2021 WL 5769354, at *2 (D. Kan. Dec. 6, 2021).

Because the Court can discern no basis for habeas relief, the Petition must be denied.

## IV. Conclusion

Therefore, it is **HEREBY ORDERED** that the Petition for Writ of Habeas Corpus, ECF No. 1, is **DENIED** without prejudice.

Margaret Strickland

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE